NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUSSAIN JIYAD AL-JABARI, | No. 18-73155 |
| Petitioner, | Agency No. A071-680-533 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2023[**]
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Petitioner Hussain Jiyad Al-Jabari, a native and citizen of Iraq, timely

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an Immigration Judge's ("IJ") denial of a motion to

reopen. We have jurisdiction under 8 U.S.C. § 1252. We review the denial of a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

motion to reopen for abuse of discretion and review legal questions de novo. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016). Where the BIA adopts the reasoning of the IJ and adds some of its own reasoning, we review both decisions. Nehad v. Mukasey, 535 F.3d 962, 966 (9th Cir. 2008). We deny the petition in part and dismiss it in part.

1. The government served Petitioner with an initial notice to appear that omitted the date and time of his hearing. Petitioner's initial notice was later supplemented with that missing information. Petitioner contends that the agency lacked authority to act because the relevant regulations allowing that procedure are *ultra vires* and exceed the scope of the authority granted by Congress. In the alternative, he maintains that the IJ lacked jurisdiction. In United States v. Bastide-Hernandez, 39 F.4th 1187 (9th Cir. 2022) (en banc), "), cert. denied, No. 22-6281, 2023 WL 350056 (U.S. Jan. 23, 2023), we held that an undated notice to appear that is later supplemented by a notice of hearing does not deprive the agency of authority to act. 39 F.4th at 1193. We reached that conclusion by relying on the statute, not the regulations. Id. at 1191–93. We also held that the omission of the date and time of the hearing on the initial notice to appear does not divest the IJ of subject-matter jurisdiction. 39 F.4th at 1193 & n.7. Thus, both of Petitioner's arguments fail.

2. The BIA did not abuse its discretion by concluding that Petitioner's motion to reopen was time-barred and number-barred. Petitioner appeals from the denial of his second motion to reopen, which was filed more than six years after the final administrative order of removal. In general, a petitioner may file only one motion to reopen proceedings. 8 U.S.C. § 1229a(c)(7)(A). That motion must be filed within ninety days of the final order of removal. 8 U.S.C. § 1229a(c)(7)(C)(i).

There are limited exceptions to those requirements. 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3). But Petitioner does not argue that any statutory or regulatory exception applies. Instead, he maintains that his motion was timely because it was filed within ninety days of the Supreme Court's decision in Pereira v. Sessions, 138 S. Ct. 2105 (2018). Equitable tolling of the statutory deadlines and numerical limits on motions to reopen for "claims based on changes in the law are not unheard of, nor are they prohibited." Lona v. Barr, 958 F.3d 1225, 1230–31 (9th Cir. 2020). But here, Petitioner's specific argument is that he may raise a jurisdictional argument at any time. As we explained in Bastide-Hernandez, Pereira did not implicate the agency's authority to act or divest the IJ of jurisdiction, so this argument misses the mark. Moreover, Petitioner failed to demonstrate the existence of an extraordinary circumstance.

3

3.  To the extent that Petitioner argues that the BIA erred by declining to exercise its sua sponte authority to reopen, we dismiss the petition.  Our jurisdiction to review BIA decisions denying sua sponte reopening is limited to "reviewing the reasoning behind the decisions for legal or constitutional error." Bonilla, 840 F.3d at 588.  Because the BIA did not commit legal or constitutional error, we lack jurisdiction.  See Lona, 958 F.3d at 1235 ("[T]here is nothing left for us to review.").

**Petition DENIED in part and DISMISSED in part.**